A91A0916. HALL v. THE STATE.
(410 SE2d 448)

POPE, Judge.

Defendant Lynn Hall was convicted of first degree arson of an automobile and appeals.

1. Defendant filed a motion to dismiss on the ground that the indictment was insufficient because it did not give the serial number of the car or other identification sufficient to allow her to locate the car for inspection and on the ground that the car had been removed from the jurisdiction, thereby preventing her from inspecting the car in preparation of a defense to the charge. Defendant asserts the trial court erred not only in denying her motion to dismiss but in failing to hear the motion prior to the date of trial.

The motion to dismiss was filed after the date of arraignment. Defendant's attorney explained that this was because she was appointed after the date of arraignment. Defendant failed, however, to obtain an extension in writing from the judge for the late filing of motions, as required by Rule 31.1 of the Uniform Superior Court Rules. Moreover, the motion to dismiss had no merit. The test of the sufficiency of an indictment is whether it contains the elements of the offense charged and adequately apprises the defendant of what she must be prepared to meet. *Fletcher v. State*, 157 Ga. App. 707 (2) (278 SE2d 444) (1981); *State v. Black*, 149 Ga. App. 389 (2) (254 SE2d 506) (1979). The indictment in this case described the property at issue as a 1984 Dodge Aries and named the owner. The indictment was sufficiently specific. See *Gee v. State*, 110 Ga. App. 439 (1) (138 SE2d 700) (1964); *Carson v. State*, 22 Ga. App. 551 (1, 2) (96 SE 500) (1918).

2. Defendant also moved to dismiss the charge against her on the ground she was denied her right to a speedy trial. Defendant was not denied her statutory right to a speedy trial because the trial was commenced at the next succeeding term of court after her written demand was filed, in compliance with the requirements of OCGA § 17-7-170 (b). Defendant's motion to dismiss was also brought on the ground that she was denied her right to a speedy trial afforded by the Sixth Amendment to the United States Constitution.

" 'In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . (a) (t)he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant.' " *Heinen v. State*, 186 Ga. App. 373, 374 (367 SE2d 275) (1988). In this case, defendant argues the delay prejudiced her because, due to the delay in bringing the case to trial, the most important evidence in the case, the automobile, was removed from the jurisdiction. The record does not reflect that defendant's opportunity to inspect the automobile was in any way affected by a delay in bringing the case to trial. Defendant never filed a motion to produce the automobile for inspection and even if she had, the evidence showed the automobile was not in the possession of the State but was disposed of by the owner and her insurer. The criminal act which defendant was convicted of committing occurred on November 11, 1989. The record shows defendant was released on bond on December 12, 1989. She was indicted February 12, 1990 and arraigned on February 23. A demand for speedy trial was filed on March 15, 1990, and she was tried in the next succeeding term of court on December 5, 1990. The delay in no way prejudiced defendant's opportunity to prepare a defense in this case.

3. We reject defendant's argument that she was denied her right of due process by the trial court's failure to rule on her motions to dismiss. The trial court heard defendant's arguments and ruled that the case would proceed to trial. Thus, defendant's motions were heard and effectively denied.

4. The trial court did not err in denying defendant's motion for a directed verdict of acquittal. An eyewitness testified she saw defendant commit the act. The owner of the automobile which defendant was charged with damaging testified the damage was committed without her consent. Thus, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. We reject defendant's argument that the evidence was insufficient to sustain her conviction because no evidence was submitted that the insurer of the automobile did not consent to the act. "As we read [OCGA § 16-7-60 (a) (3)], the act is not criminal (i.e., consensual) if both the insurer and the insured have agreed or acquiesced in the act. However, if either or both do not consent to the act, the burning becomes an act of arson, for the nonconsenting party has been subjected to either a criminal tort or fraud." *Burns v. State*, 166 Ga. App. 766, 767 (1) (305 SE2d 398) (1983). Accord *Blackburn v. State*, 180 Ga. App. 436 (1) (349 SE2d 286) (1986). The State did not fail to prove an essential element of the crime by failing to present evidence of the insurer's lack of consent to the act.

5. The trial court committed no reversible error in charging the jury: "[Y]ou are the judges of both the law and the facts in a criminal case." This statement comes directly from the Constitution of the State of Georgia, Art. I, Sec. I, Par. XI (a). "[I]t has long been settled that this language, identical to that in earlier constitutions, means that jurors are 'made absolutely and exclusively judges of the facts in the case, (and), they are, in this sense only, judges of the law.' *Harris v. State*, 190 Ga. 258, 263 (9 SE2d 183) (1940) (quoting *Berry v. State*, 105 Ga. 683 (31 SE 592) (1898)). It is 'the province of the court to construe the law and give it in charge, and the jury to take the law as given, apply it to the facts as found by them, and bring in a general verdict.' [Id.]" *Conklin v. State*, 254 Ga. 558, 570 (331 SE2d 532) (1985). Here, the trial judge adequately and accurately charged the jury on the applicable law and the jury was properly left to apply the law to the facts of the case.

6. Defendant argues the trial court erred in failing to dismiss the case because the indictment did not allege and the evidence presented at trial did not prove that the damage to the automobile was without the consent of the holder of the security interest in the car. Because, as discussed in Division 4, pursuant to OCGA § 16-7-60 (a) (3) the State is only required to prove that either the owner or the insurer of the property did not consent to the damage, it follows that pursuant

to OCGA § 16-7-60 (a) (2) the State is only required to prove that either the owner or the holder of the security interest did not consent to the damage, and is not required to prove both parties did not consent. The trial court did not err in charging that the definition of arson is damaging a vehicle by fire without the consent of the owner or the person holding a security interest.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Edith M. Edwards,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney,* for appellee.