A94A2786. HALL v. THE STATE.
(456 SE2d 56)

</div>

RUFFIN, Judge.
  Eldanta Hall appeals from his conviction for possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act. Hall was arrested after police officers entered the hotel room where he was living and found a bag of cocaine in his pocket and a container full of crack cocaine on the night stand.
  1. In his first enumeration of error, Hall contends the trial court erred in denying his motion to suppress the cocaine seized in the hotel room. In his motion, Hall asserted that "[o]n or about the date alleged in the indictment, defendant's residence was searched and property was seized by the police. The police did not have a search warrant nor did any exigent circumstances exist which would justify a warrantless search." At the suppression hearing, one of the officers testified that prior to going to the hotel, he had learned of an outstanding arrest warrant for Hall in another county. Although he had not seen the warrant at the time, and could not produce it at the hearing, the officer stated he called the other police department and "verified that the warrants were still outstanding" before proceeding to the hotel. Once at the hotel, the officer obtained a key to the room, and when he saw Hall walking towards the door, entered with the key and placed him under arrest. Upon searching Hall, the officer found the cocaine in his pocket and saw, "in plain view," the container of cocaine on the night stand.
  At the hearing, the following exchange took place between defense counsel and the trial judge. "[COUNSEL]: Well, the only evidence we have that there was an arrest warrant, was the testimony of this officer, that he had been told that there was an arrest warrant. THE COURT: Do you have any evidence to the contrary? [COUNSEL]: No, sir. But the burden, I believe, is upon the State to establish

that there was, in fact, an arrest warrant. And, we don't know, in fact, that this officer was given the correct information, we'll never know without the arrest warrant being produced at the hearing. THE COURT: I would think that if there was no arrest warrant, that would have come to your attention, and you would make that known to the Court, and dispute what he said? If he says there's an arrest warrant, and you got no evidence, what am I to believe?" After Hall urged the court two additional times that the State should be required to produce the arrest warrant, the court denied the motion.

"The constitutional right of criminal suspects to be free of unlawful search and seizure is the same as the right of other persons, for our law does not presume guilt; the right protected, that of presumptively innocent people to be secure in their homes from unjustified, forcible intrusions by the government, is weighty, and it is not outweighed by practical problems. [Cit.] The State has the burden to prove that a challenged search or seizure was lawful; a search challenged on any grounds is governed by OCGA § 17-5-30 (b), which provides that on a motion to suppress alleging an unlawful search or seizure, '(t)he judge shall receive evidence . . . on any issue of fact necessary to determine the motion; and the burden of proving that the search and seizure were lawful shall be on the state.' [Cit.] If there was no arrest warrant, the police entry into appellant's [hotel room] was unlawful and his arrest was unlawful. The fruits of an unlawful arrest may not be introduced into evidence. [Cit.]" (Indention omitted.) *Baez v. State*, 206 Ga. App. 522, 526 (1) (425 SE2d 885) (1992).

In the instant case "[n]o arrest warrant was ever introduced. No judicial officer testified that he or she issued an arrest warrant. Despite appellant's counsel's repeated objections and requests, the trial court did not require the State to produce an arrest warrant or even account for its absence. The State never suggested it might produce an arrest warrant if it had a continuance. . . . If there was an arrest warrant in existence, no reason whatever appears for the State's refusal to put it in evidence in the face of so many repeated [arguments] . . . and the record otherwise fails to reveal sufficient facts to sustain the State's burden of proof. Accordingly, the State failed to carry its elementary burden to prove the lawfulness of the intrusion and arrest which resulted in the discovery of the contraband ([cits.]), and that evidence must be suppressed under the established law of this state." (Indention omitted.) Id. at 527-528.

The State argues that because the motion to suppress did not mention an arrest warrant or that entry into the hotel was based upon a non-existent arrest warrant, it should not have been required to second guess issues not raised in the motion and produce the warrant at the hearing. We do not agree. Although the motion did not

mention an arrest warrant, it did conclude that "exigent circumstances [did not] exist which would justify a *warrantless search.*" (Emphasis supplied.) In responding to the motion, the State knew it would have to meet its burden of showing why the warrantless search was legal. At the hearing, the State attempted to meet this burden by arguing that no search warrant was necessary because the officers were entering the room to execute a valid arrest warrant. Under these circumstances " '[t]he motion in this case was sufficient to put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness [and other evidence] to bring to the hearing on the motion, and the legal issues to be resolved at that hearing. . . .' " *State v. Blosfield,* 165 Ga. App. 111, 113 (299 SE2d 588) (1983). Accordingly, we find "the instant motion was sufficient to require the State to meet [Hall's] allegations with proof to the contrary." Id. at 114. Since the State failed to meet that burden, the trial court erred in denying Hall's motion to suppress.

2. Since we determined in Division 1 that the trial court erred in admitting the cocaine into evidence, it is not necessary to address Hall's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 6, 1995 —
RECONSIDERATION DISMISSED MARCH 22, 1995.

*David L. Whitman,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.