A97A0216. YOUNG v. THE STATE.
(483 SE2d 636)

JOHNSON, Judge.

Law enforcement officers searched the home of Isaac Thomas Young without a warrant. After finding 114 grams of cocaine in the home, they arrested Young and charged him with trafficking in cocaine, possession of cocaine with intent to distribute within 1,000 feet of a school, and possession of cocaine with intent to distribute within 1,000 feet of a public park. See OCGA §§ 16-13-31; 16-13-32.4; 16-13-32.5. Young signed a confession while he was in custody, and later filed a motion to suppress both the cocaine and the confession. The trial court denied the motion. After a jury trial, Young was convicted on all counts. Young appeals, and we affirm.

1. Young contends the trial court erred in denying his motion to suppress without hearing any evidence, because the state bears the burden of showing the validity of a warrantless search.

OCGA § 17-5-30 (b) requires that a motion to suppress "be in writing and state facts showing that the search and seizure were unlawful." Unless the defendant satisfies this requirement, the state has no duty to present evidence in rebuttal. *Quinn v. State*, 221 Ga. App. 399, 400 (1) (471 SE2d 337) (1996).

In his motion to suppress, Young alleged that: He was arrested at his home and, while he was under arrest, his home was searched; no probable cause existed for the arrest or search; while the police held him in illegal custody, things were illegally seized from his home, he was illegally interrogated, and he was coerced into making an involuntary admission of guilt, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

In cases involving warrantless searches, the factual showing required by OCGA § 17-5-30 need not be made in great detail, because in such cases "many of the necessary allegations are negative facts (e.g., the search was conducted without a warrant, the movant did not consent to the search) and conclusions based upon mixed questions of law and negative fact (e.g., the officer lacked probable cause to arrest or search)." (Citation and punctuation omitted.)

*Hill v. State*, 222 Ga. App. 839 (2) (476 SE2d 634) (1996). In such cases, motions to suppress are held sufficient if they "put the state on notice as to the type of search involved (without warrant vs. with warrant), which witness to bring to the hearing on the motion, and the legal issues to be resolved at that hearing." (Citation and punctuation omitted.) *Hall v. State*, 216 Ga. App. 807, 809 (1) (456 SE2d 56) (1995).

The record shows that at the commitment hearing, Young was provided with several other facts he could have used to make a more detailed factual showing in the subsequently filed suppression motion, namely, that: The officers suspected drugs were in Young's house because of information provided by a confidential informant; the lead investigating officer had never worked with this informant before; the officers obtained no warrant for the search; and they claimed a woman who shared the residence with Young consented to the search. At this hearing, Young was represented by the same counsel who later filed the suppression motion.

Although Young had enough facts to enable him to draft a motion that "put the state on notice as to the type of search involved . . . , which witness to bring to the hearing . . . , and the legal issues to be resolved," *Hall*, supra, Young failed to include those facts in his motion. The allegations were not sufficient under OCGA § 17-5-30. See *Hayes v. State*, 168 Ga. App. 94, 95 (4) (308 SE2d 227) (1983) (motion insufficient which merely "stated that a certain vehicle was searched on or about July 17, 1982, and that the search was unreasonable, without probable cause and in violation of the Fourth Amendment"). Compare *Hill*, supra at 840; *Hall*, supra at 807; and *Stanley v. State*, 206 Ga. App. 125 (1) (424 SE2d 90) (1992). The trial court was therefore correct in finding that Young's motion did not make the factual showing required by OCGA § 17-5-30.[1]

2. Young also contends the trial court erred in charging the jury: "You will determine both the law and the facts." Young claims we cannot be sure this alleged error had no effect on the verdict because the jury sent out four inquiries during their deliberations, including one concerning "three different types of doubt."

The challenged charge is based on Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a), which provides that in a criminal case, "the jury shall be the judges of the law and the facts." Young's argument is based on the Supreme Court of Georgia's interpretation of this constitutional provision to mean "jurors are made absolutely and exclusively judges of the facts in the case, and, they are, *in this sense only*, judges of the

---

[1] We also note that a motion to suppress was not the proper vehicle for a challenge to the admissibility of Young's confession. See *Robinson v. State*, 208 Ga. App. 528, 530 (2) (430 SE2d 830) (1993).

law. It is the province of the court to construe the law and give it in charge, and of the jury to take the law as given, apply it to the facts as found by them, and bring in a general verdict." (Citations and punctuation omitted; emphasis supplied.) *Conklin v. State*, 254 Ga. 558, 570 (10) (b) (331 SE2d 532) (1985).

The state incorrectly contends the instruction at issue was taken verbatim from Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II. In fact, the January 1996 revision of Suggested Pattern Jury Instructions, which was current at the time of Young's trial, contained the following charge instead: "Members of the jury, it is my duty and responsibility to ascertain the law applicable to this case and to instruct you on that law, by which you are bound. It is your responsibility to ascertain the facts of the case from all the evidence presented. It then becomes your duty and responsibility to apply the law I give you in the charge to the facts as you find them to be." Id. at 9 G. See generally *State v. Freeman*, 264 Ga. 276, 278 (444 SE2d 80) (1994).

In deciding whether a particular jury instruction was erroneous, we consider it in light of the entire charge. *Slaughter v. State*, 217 Ga. App. 449, 451 (3) (459 SE2d 168) (1995). Even if error is shown, where it is highly probable that the error did not contribute to the verdict, it will be held harmless. See *Winfield v. State*, 210 Ga. App. 849, 852 (3) (437 SE2d 849) (1993).

The transcript shows that the trial court instructed the jury on the presumption of innocence, the elements of each charged offense, and the state's burden to prove each element and every material allegation of the indictment beyond a reasonable doubt. The court also recharged the jury appropriately in response to each of their inquiries. Young does not contend the charge contained any other error, and does not show how the instruction he challenges could have misled the jury or contributed to the verdict in any respect. Considering the charge in its entirety, we find no harmful error. See *Hall v. State*, 201 Ga. App. 133, 135 (5) (410 SE2d 448) (1991).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997.

*Terry J. Marlowe*, for appellant.

*Britt R. Priddy*, District Attorney, *Max G. Factor*, Assistant District Attorney, for appellee.