A02A0247. RONOKE v. THE STATE.
(565 SE2d 594)

MILLER, Judge.

Brian Ronoke appeals his convictions of trafficking in cocaine and possession of a firearm during the commission of a crime. He contends that the trial court erred when it denied his motion for a mistrial based on a discovery violation. Discerning no error, we affirm.

Before trial, Ronoke elected to have the reciprocal discovery provisions of OCGA § 17-16-1 et seq. apply to his case. During the State's case, a narcotics agent testified that, during the first meeting for the controlled drug buy for which Ronoke was being tried, the agent observed Ronoke with a firearm under his shirt in the waistband of his pants and that the same was true at the second meeting. Additionally, the agent was asked on cross-examination whether he had written a report on the incident for which Ronoke was being tried. He responded, "I wrote a supplemental with the suspects['] names, the vehicle, the date, and a very short statement." Later that day, the State rested and the defense began its case. The following day began with the prosecutor informing the court and opposing counsel that the previous evening he had discovered a further portion of this report in a file that had been brought to him that day. Ronoke's counsel stated he was not going to ask for a mistrial but that he thought he was going to have to recall the agent. The court eventually granted this request.

Following the weekend, and with the recalled agent present to testify, Ronoke moved for a mistrial, which the court denied. Ronoke then requested the court to inform the jury that the discovery he had been given was incomplete until "the middle of the trial." The court

stated it would make a decision on that request after the agent testified, and Ronoke again moved for a mistrial, this time on the ground that the court had postponed its decision. The court responded, "All right. It will so reflect. The court . . . will take it in consideration on the instructions."

The recalled agent testified that he was aware that the document given the defense before trial portrayed only the first half of the complete report given the defense mid-trial. He explained that he wrote the first half of the report immediately after the incident for which Ronoke was being tried, that "[a]fter all the details were done, I wrote [the remainder of] the report," and that he did not know how the two halves became separated. He further testified that he had not remembered, when he was on the stand during the previous week, that there was more to his report than the incomplete portion, and he testified that he had not used the second half to refresh his recollection before his first testimony. Additionally, he admitted that he had not included anything in either portion of his report about his having observed Ronoke with a firearm at the first meeting, but stated that he remembered that fact independently. Both the first half version of the report and the full report were then admitted into evidence at Ronoke's behest.

Finally, the agent testified that, with the exception of mistakenly reversing the sequence of two details, the second half of the report did not contain anything that he had not remembered when he testified during the previous week. Ronoke then rested and renewed his motion for a mistrial, requesting that if the motion were again denied, the court instruct the jury on the situation. The court refused curative instructions because it "believe[d] that [the matter has] been sufficiently explained to . . . the jury" and denied the motion for mistrial.

OCGA § 17-16-6 provides in part that if the State fails to comply with its obligations under the reciprocal discovery provisions of OCGA § 17-16-1 et seq.,

> the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, *upon a showing of prejudice and bad faith*, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter *such other order as it deems just under the circumstances.*

(Emphasis supplied.)

With respect to the prejudice and bad faith clause, Ronoke does not explain how the claimed error in denying his motions for a mistrial prejudiced him; and, considering the agent's testimony both

originally and on recall, we likewise discern no prejudice. See *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996) ("[D]efendant made no showing that he was prejudiced as a result of the State's failure to make the bloody knife available to him prior to trial."). In any event, the record before us contains no indication of bad faith, and Ronoke does not argue that that element was present in the situation. See *Felder v. State*, 270 Ga. 641, 645 (6) (514 SE2d 416) (1999) ("[T]he evidence would be inadmissible only if [the defendant] could show both prejudice and bad faith. OCGA § 17-16-6; [cit.]."). Thus, a mistrial, which would have been the equivalent of prohibiting the State from introducing or presenting the undisclosed evidence or witness, was not authorized by this clause.

The question then becomes whether the court abused its discretion by not declaring a mistrial under the authority that such an order would have been "just under the circumstances." We hold that, in view of the remedial actions the court took, its denial of Ronoke's motions for a mistrial was not an abuse of discretion. As we stated in *Arnold v. State*, 253 Ga. App. 307, 310 (2) (560 SE2d 33) (2002): "[OCGA § 17-16-6] does not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Rather, it vests the trial court with discretion to fashion an appropriate remedy for the violation." (Punctuation and footnotes omitted.)

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 17, 2002.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Dana J. Norman, Assistant District Attorneys*, for appellee.