## A04A1728. SIMS v. THE STATE.
(604 SE2d 663)

BLACKBURN, Presiding Judge.

Following a jury trial, John Willie Sims was convicted of terroristic threats and of interference with government property. He appeals, challenging the sufficiency of the evidence and claiming the court erred in denying a mistrial when a State witness testified he had authored a report that had not been furnished to Sims in pretrial discovery. Because the evidence was sufficient and because Sims in fact received the report in pretrial discovery, we affirm.

1. Sims challenges the sufficiency of the evidence.

> In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to support the jury's verdict and determine if a rational trier of fact could find each essential element of the crimes charged beyond a reasonable doubt. We do not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.

(Punctuation and footnote omitted.) *Morgan v. State.*[1] See *Jackson v. Virginia.*[2]

Viewed in this light, the evidence shows that Sims (an inmate in prison) was unruly, loud, profane, and uncooperative when correctional officers attempted to handle a disagreement between Sims and another inmate. After subduing Sims, the officers took him to a government van to be transported to a hospital to determine if medical treatment would be necessary. The officers testified that, when in the van, Sims became unruly again, kicking a plexiglass divider until the plexiglass cracked. In the presence of the officers, Sims also threatened an officer that he was going to stab the officer and watch him bleed.

[1] *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Sims's damaging the government van constituted interference with government property.[3] His threat of violence against the officer constituted a terroristic threat.[4] Contrary to Sims's argument, there is no requirement in OCGA § 16-11-37 (a) that Sims had to have the means to carry out the threat immediately. See *Veit v. State*[5] (terroristic threat conviction upheld where defendant in police custody threatened to burn and bomb police homes). The evidence sufficed to sustain the verdict. See *Jackson*, supra.

2. Sims also claims that the State failed to produce to him a report of the incident as required by OCGA § 17-16-7, and that the trial court erred in failing to grant a mistrial when Sims first saw the report during the trial testimony of the officer authoring the report. Citing *Baker v. State*,[6] Sims argues that had he seen the report sooner, he would have prepared his defense differently.

The record, however, belies the factual premise of Sims's argument. As found by the trial court, undisputed evidence demonstrated that Sims's counsel received the report from the State in a discovery packet delivered some 11 months prior to trial. The trial court did not abuse its discretion in denying the motion for mistrial. Cf. *Ronoke v. State*[7] (mistrial only appropriate if State failed to produce report in bad faith).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 15, 2004.

*John D. Tucker, Diane L. Perry, Harold B. Baker*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-7-24 (a).

[4] OCGA § 16-11-37 (a).

[5] *Veit v. State*, 182 Ga. App. 753, 755 (1) (357 SE2d 113) (1987).

[6] *Baker v. State*, 238 Ga. App. 285, 288 (1) (518 SE2d 455) (1999).

[7] *Ronoke v. State*, 255 Ga. App. 420, 421-422 (565 SE2d 594) (2002).