**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 19, 2015**

# In the Court of Appeals of Georgia

A14A1902. EDWARDS v. THE STATE.

A14A1903. EDWARDS v. THE STATE.

RAY, Judge.

A jury convicted Randy Edwards of one count of making a false statement and writing (OCGA § 16-10-20). He was convicted because, although he had obtained and pawned the title to a car, he signed an official Cancellation of Certificate of Title for Scrap Vehicles form falsely stating that he had not obtained the title and that there were no security interests or liens on the vehicle. In Case No. A14A1902, he appeals from that conviction and from the trial court's denial of his motion for new trial, arguing that his trial counsel rendered ineffective assistance by failing to file a special demurrer or other challenge to the indictment. He also challenges the sufficiency of the evidence.

As a result of statements he made to a police officer while he was in custody during the investigation of Case No. A14A1902, Edwards was then charged and convicted of five counts of terroristic threats and acts (OCGA § 16-11-37 (a)). In Case No. A14A1903, he appeals from his conviction and the trial court's denial of his motion for new trial, arguing that his trial counsel rendered ineffective assistance for failing to file a special demurrer or otherwise challenge the indictment, and that the trial court erred in failing to direct a verdict of acquittal.

We have consolidated these cases for purpose of appeal. After careful review, we affirm in both cases.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence[.]" (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268, 268 (1) (555 SE2d 908) (2001). On appeal, this Court determines only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so, we neither weigh that evidence nor judge the credibility of witnesses. Id. We will consider each case in turn.

1. *Case No. A14A1902*. The record shows that in October 2011, Edwards entered into a pawn contract with Complete Cash, a title pawn business in Rome. As

2

part of the transaction, Edwards provided, inter alia, a title to his 1988 Chevrolet van, proof of address, and driver's license. After the loan process was complete, Complete Cash allowed the contracted 30 days for the customer to fully repay the loan. After the 30-day period, Edwards had not paid the loan, and Complete Cash tried many times to contact him from November through March 2011. Edwards never made a payment on the loan until he paid it in full in June 2012.

On November 29, 2011, Edwards sold the van to Newell Recycling for scrap, and Newell Recycling paid him $540. On that date, Edwards completed a Cancellation of Certificate of Title for Scrap Vehicles form in conjunction with the sale. The form clearly states that the form was to be delivered to the Department of Revenue - Motor Vehicle Division in Atlanta within 72 hours of purchase. On that form, Edwards checked that there were no security interests or liens on the vehicle and that he had "not obtained a Certificate of Title on this vehicle or lost the Certificate of Title." The documents completed by Edwards were submitted to the Georgia Department or Revenue.

About two weeks after he sold the vehicle for scrap, Edwards told a representative of Complete Cash , who had called in an attempt to collect on the debt, that the vehicle had broken down on Interstate 75.

3

(a) OCGA § 16-10-20 provides that a person commits the offense of making a false statement or writing, in part, when that person

> knowingly and willingly falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, *in any matter within the jurisdiction of any department or agency of state government."* (Emphasis supplied).

Edwards contends that there is insufficient evidence to demonstrate that he made a false statement regarding a matter within the jurisdiction of a State department or agency. This is without merit. The Cancellation of Certificate of Title for Scrap Vehicles form completed by Edwards clearly states that it was to be sent to the Department of Revenue - Motor Vehicles Division. The Department of Revenue - Motor Vehicles Division is clearly a "department or agency of state government" as defined by the statute. See generally *Grant v. State*, 227 Ga. App. 88, 92 (2) (488 SE2d 79) (1997).

(b) Edwards next asserts that his trial counsel rendered ineffective assistance for failing to file a special demurrer to the indictment because the indictment failed to name the entity to whom the false statement had been tendered. To the extent that

4

Edward's trial counsel should have sought greater specificity in the indictment, "such an argument would be made in a special demurrer." (Footnote omitted.) *Chapman v. State*, 318 Ga. App. 514, 517 (1) (a) (733 SE2d 848) (2012). This defense fails in the context of Edward's claim for ineffective assistance because he cannot demonstrate prejudice.

> If a timely special demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant. Thus, even if [Edward's] attorney had filed a demurrer, it would not have prevented the State from reindicting and trying [Edwards]. And [Edwards] does not argue that the imperfect indictment prejudiced his defense in any way, instead, he argues that the count was void. Under these circumstances, [Edwards] has failed to show that he was prejudiced by his attorney's failure to file a special demurrer.

(Punctuation and footnotes omitted.) Id.

2. *Case No. A14A1903.* While he was in custody after being arrested for the charges in Case No. A14A1902, Floyd County police detectives Jeff Jones and Byron McCarley attempted to question Edwards in an interview room at the jail. After the detectives informed Edwards of his *Miranda* rights, Edwards invoked his right to counsel and the interview was terminated. At that time, Edwards attempted to leave

5

the interview room alone, in violation of jail protocol. Detective Jones tried to get him to come back into the interview room, but the jail's booking personnel "took control of" Edwards and placed him in the juvenile holding room.

As the detectives left the jail, they walked past the juvenile holding room. At that time, Edwards addressed the detectives through a door with a glass panel, and Detective Jones audio recorded parts of the verbal exchange. During the exchange, Edwards told Detective Jones that he wished to

> watch you and your loved one, your wife, kids die in a car wreck . . .
> laugh[,] cause your day in hell is coming. . . . I hope you die and go to
> hell. . . . I hope your kids die. Seriously I do. . . . Seriously every night
> I get on my knees from now on hoping that the old man named Satan
> does something to your stinking ass, to your kids, or somebody you love
> man. Every day for the rest of my life until I hear it and see it for myself
> . . . You got me charged with a non-violent crime, that means I'm gonna
> get out of jail or whatever I'm gonna make bond. You ain't gonna stop
> that. But every day until I die I will pray that Jeff Jones will suffer from
> something, every day from today on. . . .

Detective Jones' recording was played for the jury. In the recording, Detective Jones is heard laughing at one of Edwards' comments , but at trial he testified that he laughed because he wanted to give the appearance that he was not afraid or in fear at

the time. Detective Jones further stated that he felt terrorized by the statements and that they put him in fear of the safety of himself and his family.

After the close of evidence, the jury convicted Edwards of five counts of making terroristic threats. The trial court denied his motion for new trial, and he appeals.

(a) Edwards argues that the trial court erred in failing to direct verdicts of acquittal on each count of terroristic threats because the statements he made to Detective Jones do not rise to a violation of OCGA § 16-10-37.

"A person commits the offense of a terroristic threat when he or she threatens any crime of violence[ ] . . . with the purpose of terrorizing another[.]" OCGA § 16-11-37 (a). Accord *Clement v. State*, 309 Ga. App. 376, 379 (1) (710 SE2d 590) (2011) (To sustain a conviction for making terroristic threats, the State must establish two elements: "(a) that the defendant threatened to commit a crime of violence against the victim, and (b) that the defendant did so with the purpose of terrorizing the victim") (citation omitted). Furthermore, "OCGA § 16-11-37 encompasses threats of physical violence directed toward an absent third party." (Punctuation and footnote omitted.) *Nassau v. State*, 311 Ga. App. 438, 441 (715 SE2d 837) (2011). And, "a defendant

need not have the immediate ability to carry out the threat to violate OCGA § 16-11-37 (a)." (Punctuation and footnote omitted.) Id.

Edwards argues that statements he made to Detective Jones did not constitute a terroristic threat because the statements did not specifically threaten that he would commit "violence against" Detective Jones or his family. Although OCGA § 16-11-37 does not define 'threat,' this Court has found that under the plain and ordinary meaning of the word, "'threat' refers to a communication, declaration, or expression of an intention to inflict harm or damage." (Footnote omitted.) *Clement*, supra. Here, Edwards' repeated declaration that he wished Detective Jones and his family to suffer, combined with his statement that he was likely to be released from jail soon, is sufficient for the jury to infer that Edwards did, in fact, intend his statements to threaten violence against Detective Jones and his family. See *Clement*, supra, (A threat under this Code Section "need not take any particular form or be expressed in any particular words, and may be made by innuendo or suggestion") (punctuation and citation omitted); *Jordan v. State*, 214 Ga. App. 346, 346-347 (447 SE2d 341) (1994) (evidence sufficient to sustain conviction of terroristic threat when defendant told an officer during a pat-down that the officer "better get a bulletproof vest for [his] head, because we got your 308's, your 9 millimeters, and your UZI's. We got it all.");

8

*Enuka v. State*, 314 Ga. App. 466, 467-468 (1) (724 SE2d 471) (2012) (evidence was sufficient to sustain conviction of terroristic threat where defendant, after an enraged confrontation, angrily returned to the scene to tell the victim that he was a "dead man").

Edwards asserts that the convictions were not warranted because the following facts proved that Detective Jones was not terrorized by the threats: that Edwards was in custody when they were made; no immediate action was taken by the detectives with regard to the threats; and Detective Jones laughed during the exchange, proving that he was not terrorized by the threats. However, "[t]he crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize.") (Footnote omitted.) *Armour v. State*, 265 Ga. App. 569, 571 (1) (594 SE2d 765) (2004). We find no error.

(b) Edwards next argues that his trial counsel rendered ineffective assistance by failing to file a special demurrer to the indictment because the indictment failed to name Detective Jones's family members who were threatened. However, contrary to Edwards' assertion, the indictment does, in fact, specifically mention detective Jones' family members by first initial and last name. Further, this argument fails for the reasons articulated in Division 1 (b) of this opinion.

*Judgment in Case No. A14A1902 affirmed, and judgement in Case No. A14A1903 affirmed. Andrews, P. J., and McFadden, J., concur.*

9