# Court of Appeals
# of the State of Georgia

ATLANTA,  March 28, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1303.  RANDY EDWARDS v. JAMES WYATT et al.

In two separate cases, juries found Randy Edwards guilty of one count of making a false statement and writing and five counts of terroristic threats and acts, and we affirmed his convictions in a single direct appeal.  See *Edwards v. State*, 330 Ga. App. 732 (769 SE2d 150) (2015).  Edwards also pled guilty to additional charges in three other criminal cases.  According to Edwards's filings, he currently is serving a total sentence of ten years in prison, to be followed by ten years on probation.

In 2017, Edwards attempted to file four actions in which he sought: (i) the issuance of criminal arrest warrants against several individuals involved in his prosecutions; (ii) to impose civil liability on each of these individuals and his defense counsel for numerous instances of alleged wrongdoing; and (iii) to have all judgments against him vacated.  The trial court denied filing of each of these actions under OCGA § 9-15-2 (d), on the ground that each showed a complete absence of any justiciable issue of law or fact.  Edwards then filed four applications for discretionary appeal in the Supreme Court, which transferred all four applications to this Court.  We denied each of these applications in orders entered on December 14, 2017.  See Case Nos. A18D0193, A18D0194, A18D0195, & A18D0196.  In the interim, Edwards also filed a single direct appeal from all four trial court orders to the Supreme Court, which has now transferred the direct appeal to this Court.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011)

(citations and punctuation omitted). Because we rejected Edwards's instant claims in his prior applications in Case Nos. A18D0193, A18D0194, A18D0195, & A18D0196, we are precluded from revisiting the same issues in the current appeal.[1] See id. at 328; accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."). Consequently, Edwards is not entitled to further appellate review in this case, and, as a result, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/28/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Although an exception to the law-of-the-case rule exists "when the evidentiary posture of the case changes such that the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented," see *Ross*, 310 Ga. App. at 328 (punctuation omitted), the record is unchanged since we denied Edwards's prior applications.