**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

**September 5, 2023**

# In the Court of Appeals of Georgia

A23A0851. MEITE v. THE STATE.

MARKLE, Judge.

Following a bench trial, Aboubacar Hakim Meite was convicted of making terroristic threats (OCGA § 16-11-37 (b)) against his brother.[1] Meite appeals from the trial court's denial of his motion for new trial, challenging the sufficiency of the evidence supporting this conviction. For the following reasons, we affirm.

Viewed in the light most favorable to the trial court's judgment, *Sims v. State*, 360 Ga. App. 886, 886, 888 (862 SE2d 556) (2021), the evidence at the bench trial showed that Meite was sharing a room with his brother, Mohamed, in their family's home. In November 2019, Meite became angry because Mohamed was listening to

---

[1] Meite was also convicted of committing family violence battery, but he does not challenge that conviction. He was acquitted of a single count of aggravated assault.

music in their room. During an ensuing argument, Meite punched Mohamed multiple times. At one point, Meite left the room, returned holding what Mohamed perceived to be a large knife under his shirt, and yelled that he was going to stab Mohamed. Their younger brother, whose bedroom was nearby, overheard Meite make this threat.

Based on this altercation, Meite was arrested and charged with aggravated assault, making terroristic threats, and family violence battery. During the bench trial, Mohamed admitted that he never saw the knife, and a police officer testified that no knife was recovered during their investigation. Mohamed recorded a portion of the altercation on his cell phone, during which Meite punched him and threatened to stab him. Meite testified, and generally denied threatening to stab Mohamed or brandishing a knife. The trial court ultimately acquitted Meite of aggravated assault, but found him guilty of family violence battery and the felony offense of making terroristic threats.

Meite filed a motion for new trial, which the trial court denied. Meite now appeals, contending that the evidence was insufficient to sustain his conviction for terroristic threats. To the contrary, we conclude that his threat to stab his brother satisfied the essential elements of the offense.

In determining the sufficiency of the evidence presented during a bench trial, we "do not weigh the evidence or determine witness credibility. We will affirm the trial court's judgment if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations omitted.) *Sims*, 360 Ga. App. at 888.

Under OCGA § 16-11-37, a person commits the felony offense of making terroristic threats when that person threatens to commit a violent crime with the purpose of terrorizing another individual, and the threat "suggested the death" of that individual. OCGA § 16-11-37 (b) (1) (A), (2) (A), (d) (1). As we have explained,

> [t]he crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. Thus, the State must establish two elements to sustain a conviction for making terroristic threats: (a) that the defendant threatened to commit a crime of violence against the victim, and (b) that the defendant did so with the purpose of terrorizing the victim. . . . Under its plain and ordinary meaning, the word "threat" refers to a communication, declaration, or expression of an intention to inflict harm or damage. Significantly, however, the specific form of a terroristic threat is not important. It need not take any particular form or be expressed in any particular words, and may be made by innuendo or suggestion. A communication is sufficient to constitute a threat if a

3

reasonable person could conclude that it was a threat under the circumstances.

(Citations, punctuation, and footnote omitted.) *Clement v. State*, 309 Ga. App. 376, 379 (1) (a) (710 SE2d 590) (2011); accord *Edwards v. State*, 330 Ga. App. 732, 735 (2) (a) (769 SE2d 150) (2015). "And, a defendant need not have the immediate ability to carry out the threat to violate OCGA § 16-11-37[.]" (Citation and punctuation omitted.) *Edwards*, 330 Ga. App. at 735 (2) (a). As to the second element, "[d]irect evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a trier of fact to find the threats were made for such a purpose." (Citation and punctuation omitted.) *Clement*, 309 Ga. App. at 380 (1) (b).

Here, Mohamed testified that, during the heated argument, Meite punched him and left the room. When Meite returned to the room shortly thereafter, he appeared to be hiding a knife under his shirt, and Meite yelled at Mohamed that he was going to stab him. Their younger brother testified that he heard Meite and Mohamed arguing, and then heard Meite say "I'm going to stab you." See OCGA § 16-11-37 (b) (3) (requiring corroboration of the threatened individual's testimony in order to convict an accused under OCGA § 16-11-37 (b)).

4

Without question, Meite's statement constituted a threat to commit a violent crime against Mohamed. See *Edwards*, 330 Ga. App. at 735-736 (2) (a)*; Clement*, 309 Ga. App. at 379 (1) (a). The circumstances surrounding the threat are also sufficient to show that Meite intended to terrorize his brother. See *Clement*, 309 Ga. App. at 380 (1) (b). As in *Clement*, the threat occurred "during the course of a violent physical attack" by Meite on Mohamed. Id.; see also *Looney v. State*, 336 Ga. App. 882, 882-883 (785 SE2d 432) (2016) (Where Looney threatened "to kill" the victim, his "angry demeanor and the specific language of the threat," were sufficient to support fact-finder's conclusion that the threat was intended to terrorize the victim.); *Sims v. State*, 269 Ga. App. 606 (1) (604 SE2d 663) (2004) (inmate's threat to stab a correctional officer and "watch him bleed" sufficient to support his conviction for terroristic threats).

Because the offense does not require the accused to "have the immediate ability to carry out the threat," whether or not Meite actually had a knife under his shirt is immaterial.[2] *Edwards*, 330 Ga. App. at 735 (2) (a); see *Sims*, 269 Ga. App. at 606 (1). And, despite Meite's denial that he had so threatened Mohamed, it was for the trial

---

[2] For this reason, we are not persuaded by Meite's argument that his acquittal for aggravated assault, which *was* based on the absence of the knife, mandates his acquittal for terroristic threats.

5

court to resolve any conflicts in the evidence and to weigh the witnesses' credibility. See *McCord v. State*, 305 Ga. 318, 321 (1) (825 SE2d 122) (2019); *Williams v. State*, 367 Ga. App. 485, 489 (1) (887 SE2d 344) (2023) ("[W]e leave to the fact-finder the resolution of conflicts or inconsistencies in the evidence, credibility of witnesses, and reasonable inferences to be derived from the facts.") (citations and punctuation omitted).

Moreover, as the trial court found, Meite's threat to stab his brother "suggested" Mohamed's death and, thus, justified his felony conviction under OCGA § 16-11-37 (d) (1). See *Christian v. State*, 347 Ga. App. 391, 392, 394-395 (2) (819 SE2d 682) (2018) (under current version of OCGA § 16-11-37, defendant's threat to stab husband constituted a threat suggesting death, and authorized trial court's felony sentencing). Accordingly, the evidence was sufficient to sustain the trial court's judgment, and we affirm the denial of Meite's motion for new trial.

*Judgment affirmed. McFadden, P. J., and Brown, J., concur.*