75984. MENNINGMANN v. INDEPENDENT FIRE INSURANCE COMPANY.
(369 SE2d 295)

BIRDSONG, Chief Judge.

Appellee brought suit against appellant for the tortious act of wilfully causing certain insured property to be burned and damaged. Appellant counterclaimed for the amount of loss caused by the fire allegedly due him under his policy of insurance. The case was tried by a jury, and a verdict was rendered against appellant in the sum of $37,500.

Appellant enumerates as error that the trial court abused its discretion in not ordering a mistrial after highly inflammatory and inadmissible evidence was placed before the jury. The trial transcript re-

flects the following question as asked, by appellee's counsel, of the appellant in the presence of the jury: "Q. Mr. Menningmann, isn't it true that you pled guilty to receiving stolen property so that you could avoid being drafted and going to the war?" The only response to this question by appellant's counsel was the interjection of the following exclamatory interrogative or rhetorical question: "[Counsel]: Your Honor, what in the world is this?" The trial judge immediately intervened by retiring the jury, and, after discussing the basis for appellee's counsel's conduct, informed him that "I'm not going to allow you to offer it into evidence and I'm going to instruct the jury to disregard it at this time. . . ." The appellant's counsel at no time during the consideration of this issue either specifically objected to the question or moved for a mistrial. See generally OCGA § 9-11-46; see *Palmer v. Stevens*, 115 Ga. App. 398 (5) (154 SE2d 803). In fact, following the judge's discussion with the appellee's counsel, the only response by the appellant's attorney was to seek clarification from the trial judge that "the Court's going to instruct the jury." The jury was recalled and the trial judge gave them the following limiting instruction: "Ladies and gentlemen, *the last questions were improper* and I'm instructing you to disregard the question and the answer. You're not to give it any consideration in this case whatsoever and not to let it influence your verdict in this case in any way whatsoever *And Mr. S. . . , you're not to go into that anymore.*" (Emphasis supplied.) Appellant's counsel posed no objection to this instruction after it was given.

Appellant asserts that the provisions of OCGA § 9-10-185 are controlling in this case, and that the trial judge's limiting instruction was inadequate to remove prejudicial taint, in part, because it failed to include a rebuke of appellee's counsel and thus was not "full" within the meaning of *Spell v. State*, 225 Ga. 705 (171 SE2d 285) and *Wells v. State*, 194 Ga. 70 (20 SE2d 580). We find the limiting instruction of the trial judge on its four corners reflects that appellee's counsel was rebuked effectively in the presence of the jury. See, e.g., *Malone Freight Lines v. Pridmore*, 86 Ga. App. 578 (2) (71 SE2d 877) (implied rebuke). Moreover, as appellant's counsel did not timely object to the question posed, the provision of OCGA § 9-10-185 mandating rebuke of offending counsel "[o]n objection made" clearly is inapplicable in this case. Under the facts of this case, the limiting instruction of the trial judge was more than adequate to remove the alleged improper matter from the minds of the jurors. See *Interstate Life &c. Co. v. Brewer*, 56 Ga. App. 599 (8) (193 SE 458) (sufficiency of instructions to remove taint must be determined under the particular facts and circumstances).

Appellant's contention that the trial judge committed reversible error by not declaring a mistrial sua sponte is without merit. While

"[s]ome matter is so inflammatory that its effect cannot be removed, and a mistrial must be granted," *Howard v. Renfroe*, 93 Ga. App. 59, 62 (90 SE2d 598), it is the general rule that "[t]he exercise of the trial court's discretion in granting or denying a mistrial will not be disturbed on appeal absent [manifest] abuse." *Walkley v. Dukes*, 175 Ga. App. 820 (2) (334 SE2d 868); *Walker v. Bishop*, 169 Ga. App. 236 (8) (312 SE2d 349). Thus, " '[u]nless it is apparent that a new trial is essential to the preservation of the right of a fair trial, this court will not interfere with the discretion of the trial court.' " *Hartford Fire Ins. Co. v. Rowland*, 181 Ga. App. 213 (3) (351 SE2d 650).

In this case, we have examined the question posed, the response made thereto, the prompt intervention of the trial judge, the tone and content of the limiting instruction, the lack of any indication in the record that the jury would not comply with the instruction, and the failure of appellant's counsel to make a timely request for a mistrial. While the trial judge is not automatically relieved of his judicial obligations by counsel's failure to request a mistrial, the fact that counsel, who was present in court and heard the tone of the question and observed the demeanor of the parties involved, elected not to request mistrial is a *significant factor* to be considered in determining whether the alleged error in fact was so prejudicial to fair trial rights as to per se mandate mistrial. Considering all relevant factors, we conclude that appellant has failed to demonstrate an abuse of discretion in this case.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 25, 1988 —
REHEARING DENIED MAY 12, 1988 —

*William L. Reilly*, for appellant.
*William D. Strickland*, for appellee.