## A92A0003. POPE v. WITTER.
### (421 SE2d 725)

BIRDSONG, Presiding Judge.

Bob E. Pope appeals from a judgment, based upon a jury verdict, in favor of Richard Witter on Witter's claims for breach of contract and expenses of litigation. Pope enumerates 18 errors contending generally that the trial court made erroneous rulings on the admissibility of evidence, made charging errors, improperly denied his motions for a mistrial and directed verdict, and erred by denying his motion for a new trial.

The record shows Witter sued to collect $8,000 which he claimed Pope agreed to pay him pursuant to a consulting contract if Witter would go to Chicago, attempt to convince another party to transfer business to Pope, and arrange a meeting between Pope and the other party. After the check was not paid by the bank and efforts to collect were unsuccessful, Witter sued for the amount owed under the agreement and for amounts he claimed as a result of Pope's bad faith, stubborn litigiousness, or for making Witter go to unnecessary trouble and expense. After the jury's verdict was made the judgment of the trial court, Pope filed this appeal. *Held:*

1. Pope's first enumeration of error alleges that the trial court

---

erred by denying his motion for a new trial because Witter attempted to introduce evidence that Pope gave another person a bad check. Review of the transcript shows that Pope made a motion for a mistrial on this ground rather than a motion for a new trial, and we will consider the enumeration of error on that basis. We find no reversible error.

Witter testified that Pope agreed to pay him $8,000 to act as a consultant and paid him in advance with a check that was later returned because of insufficient funds. Witter then testified that Pope gave a bad check to this other person as evidence showing that Pope entered into the contract with Witter in bad faith because the other bad check was evidence of Pope's scheme to pay his debts with bad checks. This evidence was ultimately rejected, however, because Witter was unable to lay a proper foundation, and the jury was instructed not to consider the testimony. As Witter had made a claim seeking expenses of litigation under OCGA § 13-6-11, evidence of Pope's bad faith was relevant. Granting or denying a motion for mistrial is a matter within the discretion of the trial court, and unless it is clear that a mistrial is essential to the preservation of the right to a fair trial, the trial court's exercise of that discretion will not be disturbed. *Salmon v. Salmon*, 223 Ga. 129 (153 SE2d 719). Under the circumstances of this case including the trial court's prompt curative instruction, we do not find that the trial court erred in denying Pope's motion for a mistrial.

2. Pope's second enumeration of error asserts that the trial court erred by denying his renewed motion for a mistrial based upon Witter's unsuccessful effort to introduce evidence that Pope had given still other bad checks to two additional parties. Although the record shows that the trial court sustained Pope's objection and instructed the jury not to consider this testimony, Pope contends that such curative measures were insufficient. We find no abuse of the trial court's discretion. "Unless it is apparent that a new trial is essential to the preservation of the right of a fair trial, this court will not interfere with the discretion of the trial court." (Citation and punctuation omitted.) *Menningmann v. Independent Fire Ins. Co.*, 187 Ga. App. 118, 120 (369 SE2d 295).

3. Pope enumerates as error the failure of the trial court to rebuke counsel after the court sustained Pope's objection to the testimony discussed in Divisions 1 and 2. We find no abuse of discretion. This evidence was potentially admissible on the issues of fraud or bad faith, but was ultimately excluded because Witter could not lay the proper foundation for admission. Accordingly, the trial court did not abuse its discretion by not rebuking counsel in addition to sustaining Pope's objection, striking the testimony, and instructing the jury not to consider that testimony.

4. In the same manner we find no error in the trial court's admission of testimony regarding bad checks given by Pope to another witness, but drawn on a corporate account. Apparently finding that such evidence would show a fraudulent plan or scheme, the trial court found this evidence relevant on the issue of fraud or bad faith. Such matters are within the discretion of the trial court and our law favors admission of relevant evidence, leaving the weight it should be accorded for the jury. Thus, appellate courts will not interfere with the exercise of that discretion unless it is abused. *Palmer v. State*, 186 Ga. App. 892, 896 (369 SE2d 38); *Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588). As we find no abuse of the trial court's discretion, this enumeration is without merit.

5. Pope also claims that the trial court erred by admitting in evidence a letter from Witter to Pope threatening prosecution because of the bad check he was given. Pope alleges that this letter was not admissible because it is merely an allegation that Pope committed a crime. The transcript shows that this letter was admitted to show Witter's efforts to collect the money he claimed that Pope owed him, and not to maintain that Pope had committed a crime. "The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citation and punctuation omitted.) *Department of Transp. v. Swanson*, 191 Ga. App. 752, 754 (382 SE2d 711); *Palmer v. State*, supra. Accordingly, there was no error.

6. Pope also contends that the trial court erred by not striking from this letter certain handwritten comments and failing to instruct the jury that those comments should be disregarded. Examination of the document shows that the comments Pope complains of consist of a person's name and telephone number and a dated notation stating "hand delivered to Bob Pope @ 10:15 AM at 6 star. Sonny made Xerox and witnessed. RW." Pretermitting whether it was error not to strike or give a curative instruction on consideration of these notations, it is unreasonable to conclude that these comments could have been harmful to appellant. Accordingly, this enumeration is also without merit. *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (357 SE2d 882).

7. Pope contends the trial court erred by not directing a verdict in his favor because Witter had not obtained a business license. Pope's argument relies upon the concept that one engaging in a regulated business must be properly licensed to maintain an action to recover fees for engaging in the regulated business. See, e.g., *Management Search v. Kinard*, 231 Ga. 26, 28 (199 SE2d 899). This concept, however, is unavailing in this instance because nothing in the record, or otherwise, shows that Witter was engaged in a regulated business.

Thus, the trial court did not err by denying Pope's motion for a directed verdict.

8. Relying on the principle that one dealing with a corporation generally cannot hold the owner of the corporation personally liable (see *Lamas v. Baldwin*, 140 Ga. App. 37, 40-41 (230 SE2d 13)), Pope asserts that the trial court erred by denying his motion for a directed verdict for him personally because Witter accepted a check from a corporation in payment of his fee. This argument, however, is contrary to the uncontradicted evidence that Witter was not dealing with the corporation, but was dealing only with Pope, personally. Accordingly, this enumeration also is without merit.

9. Pope contends the trial court erred by not granting his motion for a directed verdict on Witter's claims for litigation expenses under OCGA § 13-6-11 because there was no evidence supporting the award of such expenses.

"In determining whether the trial court erred by denying appellants' motions for a directed verdict . . . this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict . . . is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict." (Citations and punctuation omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Review of the transcript reveals that Witter's unrebutted evidence shows that he and Pope reached an agreement that Witter would perform certain services for Pope and that in return Witter would be paid $8,000. The transcript also shows that Witter was paid in advance for these services with a worthless check which Pope did not make good and, further, in the intervening period Pope did not otherwise honor his agreement by paying Witter. Moreover, there was no evidence denying this liability from Pope, who did not attend the trial, and Pope never paid the debt. Further, Witter was required to retain an attorney to secure his money. Consequently, there is evidence from which the jury could infer that Pope entered into the agreement in bad faith and that he made Witter go to unnecessary trouble and expense to secure what he was owed. Under the circumstances this evidence is sufficient to warrant denial of Pope's motion.

10. Pope combines enumerations 10, 11, 12, and 13 in one argument. Enumeration 10 contends that the trial court erred by allowing testimony that Witter incurred expenses in traveling from his home in California to attend the trial; enumeration 11 contends the trial court erred by denying Pope's motion to strike this testimony; enumeration 12 contends the trial court's charge misled the jury into believing these expenses were recoverable; and enumeration 13 that the trial court erred by refusing a requested charge to the effect that Wit-

ter could not recover lost profits. These enumerations are also without merit. As the testimony Pope complains about is to some extent relevant to the trouble and expense Witter incurred to recover what he was owed under the contract, we find no abuse of discretion in admitting this testimony. Moreover, we find nothing in the charge which reasonably construed would confuse the jury on whether these expenses were recoverable, and as the jury returned only the amount owed under the contract and attorney fees, it is clear that the jury was not misled. Further, as lost profits was not an issue in the case, the trial court did not err by refusing the requested charge. Accordingly, these enumerations also are without merit.

11. Relying on *All Risk Ins. Agency v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 190, 192-193 (355 SE2d 465), Pope alleges that the trial court erred by giving a charge that a witness who swears falsely, wilfully, and knowingly should not be believed unless corroborated. *All Risk*, however, does not stand for that proposition; *All Risk* merely holds that such a charge is not required unless raised by the evidence. The charge that Pope complains of was given as part of the general charge on credibility of witnesses, and under the evidence we cannot say that it was not warranted, or that there was any risk that Pope was harmed by giving such an instruction.

12. In enumerations 15, 16, and 17, Pope argues that the trial court erred by refusing to give charges concerning testimony of witnesses whose testimony was vague, equivocal, uncertain or was incredible, impossible, or inherently improbable. While these requested charges may be appropriate when there is some testimony which arguably can be termed vague, equivocal, uncertain, incredible, impossible, or inherently improbable, there was no such testimony in this appeal. Accordingly, it was not error to refuse to charge on matters inapplicable to the case. *Sun v. Bush*, 179 Ga. App. 80, 81-82 (345 SE2d 85).

13. Finally, Pope asserts that the trial court erred by not giving a charge applicable when the jury finds the evidence presented by each side is equally balanced. Under the evidence presented in this case, we find no requirement for such a charge, and as the general charge fully instructed the jury on the burden of proof applicable in this case, there was no error. *McCurry v. McCurry*, 223 Ga. 334, 335 (155 SE2d 378).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Glenville Haldi,* for appellant.

*Rice & Keene, Kirk W. Keene,* for appellee.