A99A1516. GRESHAM v. THE STATE.
(521 SE2d 207)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of trafficking in cocaine (Count 1), for selling more than 28 grams of cocaine. The trial court directed a verdict of not guilty as to possession of a firearm during the commission of a crime (Count 2). The trial court denied defendant's motion for new trial, and this appeal followed. In his sole enumeration of error, defendant contends that "[t]he trial court committed reversible error by charging the entire[1] trafficking statute when the Defendant was only charged with selling 28 grams or more of cocaine." Defendant argues that the jury could have convicted on the basis of possession because there was evidence that he kept a part of the cocaine he gave to the undercover Georgia Bureau of

---

[1] The trial court did not charge the entire trafficking statute. Rather the trial court charged the jury on the alternative methods by which trafficking in cocaine may be committed under OCGA § 16-13-31 (a) (1) as these were set out by defendant's Request to Charge No. 20. Defendant's Request to Charge No. 20 pertinently provided:

Any person who knowingly sells, delivers, or brings into this state, or who is knowingly in possession of, 28 grams or more of cocaine, or of any mixture with a purity of 10 percent or more of cocaine, commits the offense of trafficking in cocaine.

Investigation agent involved in the transaction. *Held*:

The record discloses that defendant requested the trafficking in cocaine charge given by the trial court which he now complains of. " 'Thus, error, if any, was self-induced, and provides no basis for reversal. *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988).' *Fitzgerald v. State*, 193 Ga. App. 76, 77 (7), 78 [(386 SE2d 914)]." *Knight v. State*, 216 Ga. App. 200, 202-203 (3) (453 SE2d 798). Moreover, in conjunction with this charge, the trial court also gave a contemporaneous limiting instruction. Specifically, the trial court immediately instructed the jury that they were limited to finding the defendant guilty for violating the statute only "as alleged in count one of the indictment," after having read Count 1 of the indictment to the jury. While defendant points to "evidence" upon which the jury could have convicted him of possession of cocaine, our review of such evidence indicates that it is consistent only with a single sale of 28 grams of cocaine as alleged in Count 1 of the indictment.

We are not unmindful that reversible error results upon the existence of a reasonable possibility that the jury might have convicted the defendant of a crime in a manner not alleged by indictment. *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909); see also *Childs v. State*, 257 Ga. 243, 252-253 (17) (357 SE2d 48); *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619). "[I]f a jury charge recites the entire statutory definition of a crime and the indictment does not, the deviation may violate due process unless a limiting instruction is given." *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556). In the case sub judice, the trial court properly limited the jury's consideration of the evidence to Count 1 of the indictment. Viewing the trial court's charge as a whole, *Bridges v. State*, 268 Ga. 700, 703 (2) (b) (492 SE2d 877), we conclude that there was here no reasonable possibility that the jury could have convicted the defendant for any offense not alleged. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 22, 1999.

*James L. Moss, Jr.*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.