## A05A0221. SMITH v. THE STATE.
### (616 SE2d 183)

BARNES, Judge.

Chad Smith appeals from his conviction of making a terroristic threat against a witness in violation of OCGA § 16-11-37. Because we find sufficient corroboration of the victim's testimony, we affirm.

> On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that the victim testified in a criminal case against Smith and identified him as the person who had committed a burglary. At the time of this testimony, both the victim and Smith were juveniles. Several years later, Smith and the victim were assigned to the same biology class in high school. The victim started to experience problems with Smith a few weeks after a friend reminded him that the victim was the one who had testified against him. Smith approached the victim and told her that if she completed his biology project for him, "all issues would be resolved." When she refused, Smith bullied her for several weeks by staring at her in a threatening manner and threatening to beat her up or have his friends jump her behind the football field. Three weeks after his first request that the victim complete his biology project, Smith told the victim that if she did not do his project he would kill her. He said it in a very angry and very vulgar manner, that sounded strict and not as if he were "playing around." He also told the victim "that it was stupid of [her] to put him away for being involved in the robbery."

The victim was very shaken up by Smith's statements, told her teacher about them, and asked to be moved away from Smith in the classroom. The victim's teacher sent her to the guidance counselor, who asked her to fill out some paperwork for the assistant principal.

When the victim returned to school the next day, she met with an assistant principal to discuss the threats.

The assistant principal testified that when he met with the victim to talk about Smith's threats, she was scared and crying the whole time, requiring him to take several breaks for her to calm down. The assistant principal summarized Smith's threats as follows:

[O]n several occasions he would come up real close to her and utter that he was going to get her, or why did you do that, girl? Why did you do that to me? That he was going to get somebody to beat her up. That he was being real threatening to her. That every time he came around he would whisper something to her.

A classmate testified that she sat near Smith and the victim in biology class and heard Smith tell the victim that she had testified against him and that everything would be all right if she did his project for him. The classmate also testified that she was scared to testify because she lived next door to Smith.

Smith contends his conviction should be overturned because the State presented insufficient evidence corroborating the victim's testimony. OCGA § 16-11-37, the terroristic threats and acts statute, provides in subsection (a) that "[n]o person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." This Code provision does not specify how the testimony must be corroborated. However, our courts have held with regard to its corroboration requirement that,

the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. [Cit.] Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value. [Cits.]

(Punctuation omitted.) *Ellis v. State*, 176 Ga. App. 384, 386 (3) (336 SE2d 281) (1985). The State is not required to corroborate the victim's testimony beyond a reasonable doubt. *Wilson v. State*, 151 Ga. App. 501, 503 (6) (260 SE2d 527) (1979). Moreover, the threat need not be overheard by another person. Id. See also *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993). Finally, corroboration can also consist of the victim's demeanor after the threat is communicated. See *Martin v. State*, 219 Ga. App. 277, 283 (10) (464 SE2d 872) (1995)

(victim described as scared to death, frightened, disturbed, nervous, literally terrified, and in fear for her life).

We find the evidence presented by the State here sufficiently corroborated the victim's testimony. *Martin v. State,* supra. A classmate overheard Smith ask the victim to complete his project and the assistant principal who interviewed the victim about the threat testified that the victim was scared and cried so much that he had to take several breaks to allow her to calm down. Accordingly, we affirm Smith's conviction.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 22, 2005.

*James E. Goad,* for appellant.

*T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney,* for appellee.