A07A2225. NEWSOME v. THE STATE.
(657 SE2d 540)

MIKELL, Judge.

After hearing testimony that Kenneth Newsome violated a protective order, drove to his wife's house, and opened fire on her and their baby son when they came outside the house, a Chatham County jury found Newsome guilty of aggravated assault (Counts 1 and 2),[1] aggravated stalking (Count 3),[2] cruelty to a child (Count 4),[3] and possession of a firearm during the commission of a felony (Count 6).[4]

---

[1] OCGA § 16-5-21 (a) (2).
[2] OCGA § 16-5-91 (a).
[3] OCGA § 16-5-70 (b).
[4] OCGA § 16-11-106 (b) (1).

The trial court sentenced him to twenty years on probation on Count 1; twenty years to serve on Count 2; ten years to serve on Count 3, consecutively to Count 2; twenty years on probation on Count 4, consecutively to Count 1; and five years on Count 6. The total sentence imposed was 35 years to serve and 40 years on probation, to be served consecutively to his federal sentence.[5] Subsequently, on motion for new trial, the trial court determined that Count 2, aggravated assault upon the child, merged as a matter of fact with Count 4. Accordingly, the court granted the motion in part, setting aside the conviction and vacating the sentence on Count 2. The court denied the remainder of the motion for new trial. Newsome appeals.

1. In a two-sentence paragraph, Newsome raises the general grounds.

> When evaluating the sufficiency of the evidence, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the factfinder's assessment of the weight and the credibility of the evidence.[6]

So viewed, the evidence shows that Ms. Newsome obtained a family violence protective order on July 29, 2004, which required Newsome to stay away from her and their one-year-old son. Ms. Newsome testified that the defendant was very physically and emotionally abusive; that he used to beat her and kick her; and that he gave her a black eye right after the baby was born. Ms. Newsome left their home the month before she obtained the protective order, and she also filed for a divorce. Ms. Newsome testified that she was afraid for her life. After Newsome was removed from the home pursuant to the order, Ms. Newsome moved back in. Two weeks later, on August 16, Ms. Newsome was leaving the house to go to work, holding the baby on her hip, when Newsome drove up, exited his car, and started running up the driveway holding a gun. As she fled with the baby, Newsome started shooting. Ms. Newsome was struck in three places: her right arm, right thigh, and in the back of her neck. The baby was hit in the leg, and his leg was broken.

Neighbors called the police, and the first officer who responded saw that the victims had been shot. Ms. Newsome told the officer that

---

[5] Trial counsel stated at the sentencing hearing that Newsome was serving ten years for a firearm offense.

[6] (Footnote omitted.) *Dukes v. State*, 285 Ga. App. 172 (1) (645 SE2d 664) (2007).

her husband was the shooter. She identified the gun that her husband used to shoot her and the baby, and it was admitted into evidence. A detective recovered the pistol from Newsome's motel room.

The testimony of a single witness is generally sufficient to establish a fact.[7] Ms. Newsome's testimony, coupled with her statement to the police and the recovery of the defendant's gun, render the evidence sufficient to enable a rational finder of fact to find Newsome guilty beyond a reasonable doubt for committing aggravated stalking and aggravated assault upon his wife,[8] first-degree cruelty to a child,[9] and possession of a firearm during the commission of a felony.[10]

2. Newsome complains that the trial court erred in admitting certified copies of his prior two convictions of aggravated assault and possession of a firearm during the commission of a felony. The convictions were admitted pursuant to OCGA § 24-9-84.1, which was enacted in 2005 to establish guidelines for the use of criminal convictions to impeach witnesses or defendants who testify.[11] The applicable provision, OCGA § 24-9-84.1 (a) (2), states:

> For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies[,] . . . [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.[12]

In the case at bar, the trial court carefully balanced the competing interests and found it "abundantly clear" that the prior offenses had a substantial probative value which outweighed their prejudicial effect. In its order denying the motion for new trial on this issue, the court pointed out that the prior convictions both involved incidents in which Newsome shot an individual and that both would likely have been admissible as similar transactions. The court further noted that the evidence largely amounted to a "swearing contest" between

---

[7] OCGA § 24-4-8.

[8] See *Ford v. State*, 283 Ga. App. 460-461 (1) (641 SE2d 671) (2007) (aggravated stalking); *Dukes*, supra at 172-173 (1) (aggravated assault).

[9] See *Hill v. State*, 282 Ga. App. 743, 744-745 (1) (639 SE2d 637) (2006).

[10] See *Sturgis v. State*, 282 Ga. 88-90 (1) (646 SE2d 233) (2007), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] *Hinton v. State*, 280 Ga. 811, 818 (7) (631 SE2d 365) (2006).

[12] The prior felony convictions cannot be more than ten years old unless certain standards are met. OCGA § 24-9-84.1 (b).

Newsome and his wife, increasing the probative value of the prior offenses to the extent that such value substantially outweighed any prejudice to Newsome.

Our research reveals no case interpreting OCGA § 24-9-84.1 (a) (2). The Code section tracks the language of Federal Rules of Evidence ("FRE") Rule 609 (a) (1), except that the General Assembly added the word "substantially" before the word "outweighs." FRE Rule 609 (a) (1) allows a defendant's prior felony conviction to be used for impeachment purposes "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Newsome contends that, by adding the word "substantially" to the balancing test, the General Assembly meant to incorporate the standard for admissibility embodied in FRE Rule 609 (b), which provides:

> Evidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . , unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

We reject this argument. This far more rigorous standard has already been adopted by our legislature in OCGA § 24-9-84.1 (b). Obviously, the legislature did not intend to make it part of OCGA § 24-9-84.1 (a) (2), or it would have done so. Accordingly, we adhere to the principle that "[w]here the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[13] Subsection (a) (2) is plain and unambiguous: the trial court shall admit the prior crimes evidence upon a determination that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant. This balancing test is in keeping with a long line of Georgia cases which imbue the trial judge with the discretion to exclude evidence if "its prejudicial impact substantially outweigh[s] its probative value."[14] Furthermore, the

---

[13] (Citation and punctuation omitted.) *Hough v. State*, 279 Ga. 711, 716 (2) (a) (620 SE2d 380) (2005).

[14] (Citations omitted.) *Shaw v. State*, 241 Ga. 308, 311 (7) (245 SE2d 262) (1978). See *Webb v. State*, 277 Ga. App. 355, 356 (1) (626 SE2d 545) (2006) ("[u]nless the potential for prejudice substantially outweighs probative value, Georgia law favors the admission of relevant evidence, no matter how slight its probative value") (citation and punctuation omitted); see also *State v. Adams*, 270 Ga. App. 878, 881 (2) (609 SE2d 378) (2004); *Anderson v. State*, 238 Ga. App.

trial court in this case correctly observed that the felonies for which Newsome had been convicted would have been admissible as similar crimes. In determining the admissibility of similar crimes evidence, a trial court exercises its discretion in deciding whether the probative value of the evidence outweighs the danger of any prejudicial effect to the defendant.[15] Of course, the defendant has pretrial notice of the state's intent to admit evidence of similar crimes,[16] whereas no notice is required under OCGA § 24-9-84.1 (a) (2). But similar transactions are admissible at trial whether or not the defendant testifies, while prior felonies are only admissible as impeachment pursuant to OCGA § 24-9-84.1 (a) (2). And perhaps the addition of a more rigorous standard for admissibility than under FRE 609 (a) (1) — requiring the judge to find that the probative value of admitting the evidence *substantially* outweighs its prejudicial effect to the defendant — is intended to remedy the lack of the pretrial notice and hearing granted to defendants by Uniform Superior Court Rule 31.3.[17]

As always, the decision to admit or exclude evidence lies within the discretion of the trial judge, and this Court will not interfere with such discretion unless it has been abused.[18] In the case at bar, the trial court gave sound reasons for its decision, and we find no abuse of discretion. Ms. Newsome was the only witness to the shooting and the only person who could identify her assailant. Newsome testified and denied committing the crimes. Newsome's prior crimes had crucial probative value. Therefore, this enumeration of error provides no basis for reversal.

3. Newsome additionally complains that when the trial court instructed the jury on impeachment by proof of a crime of moral turpitude, the court should have instructed the jury that his prior crimes were admissible for a limited purpose. After this case was tried, the Supreme Court held that such limiting instructions should

---

866, 874-875 (6) (519 SE2d 463) (1999); *Bierria v. State*, 232 Ga. App. 622, 626 (7) (502 SE2d 542) (1998); *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990).

[15] See *Smith v. State*, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998) ("the trial court retains the sound legal discretion to exclude relevant similar crimes evidence on the ground that its probative value is substantially outweighed by the danger of unfair prejudice") (punctuation and footnote omitted); see, e.g., *Roberts v. State*, 241 Ga. App. 259, 262 (3) (526 SE2d 597) (1999) (where defendant denied commission of the crime of cocaine possession, a past conviction involving cocaine possession and sale "would be most helpful to the jury, and therefore the [s]tate's need would have outweighed the prejudice to the defendant" from the admission of the similar transaction) (citation omitted).

[16] See Uniform Superior Court Rule 31.3. We note that the state provided a copy of Newsome's prior convictions to his counsel during discovery over a year before trial.

[17] See also *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (announcing the three-pronged test for the admissibility of similar transaction evidence).

[18] *Ginn v. State*, 251 Ga. App. 159 (1) (553 SE2d 839) (2001).

be given upon request by the defendant.[19] But "[l]imiting instructions must be requested in order for the failure to instruct to be erroneous."[20] As Newsome did not request a limiting instruction, this argument fails.

4. In his next enumeration of error, Newsome asserts that the trial court erred in giving the pattern jury charge on prior difficulties between the defendant and the victim. The pattern charge states in pertinent part as follows:

> Evidence of prior difficulties between the defendant and the alleged victim has been admitted for the sole purpose of illustrating, if it does so illustrate, the state of feeling between the defendant and the alleged victim and the bent of mind and course of conduct on the part of the defendant.[21]

The charge is derived in part from *Wall v. State*,[22] in which our Supreme Court held that the admission of evidence of prior difficulties between the defendant and the victim "should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence."[23] Newsome argues, for a variety of reasons, that we should eliminate the language, "and the bent of mind and course of conduct on the part of the defendant," from the pattern charge. This argument fails, because the Supreme Court has approved the pattern jury charge on this issue,[24] and we are not authorized to ignore controlling precedent.[25]

5. Newsome argues that the trial court erred in admitting his prior convictions for aggravated assault and possession of a firearm during the commission of a felony for the purpose of sentencing him as a recidivist pursuant to OCGA § 17-10-7 (a). Newsome claims that the state "used up" his prior convictions by introducing them for impeachment purposes during the guilt-innocence phase of the trial. This enumeration of error is controlled adversely to Newsome by *Carswell v. State*,[26] in which we held that nothing in the aggravated

---

[19] *Holsey v. State*, 281 Ga. 177, 179-180 (3) (637 SE2d 32) (2006).

[20] (Citation omitted.) *Herring v. State*, 277 Ga. 317, 319 (3) (588 SE2d 711) (2003).

[21] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed.), § 1.34.20, p. 27.

[22] 269 Ga. 506 (500 SE2d 904) (1998).

[23] (Citations omitted.) Id. at 509-510 (2).

[24] See *Sedlak v. State*, 275 Ga. 746, 751 (2) (f) (571 SE2d 721) (2002).

[25] See *Fuller v. State*, 235 Ga. App. 436, 438 (2) (509 SE2d 79) (1998).

[26] 263 Ga. App. 833 (589 SE2d 605) (2003).

assault statute prevented the use of the defendant's prior convictions for both impeachment and sentencing.[27]

6. We need not consider Newsome's final enumeration of error, regarding merger of Count 2 and Count 4, because the trial court resolved the issue in his favor in the order on motion for new trial and entered an amended sentencing order.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2008 —
RECONSIDERATION DENIED FEBRUARY 14, 2008 

Kenneth T. Newsome, *pro se.*
*Spencer Lawton, Jr., District Attorney, Frank M. Pennington II, Assistant District Attorney*, for appellee.