## A10A1311. ROBERTSON v. THE STATE.

(703 SE2d 343)

DOYLE, Judge.

Following a jury trial, Antonio Robertson appeals from his convictions for selling cocaine,[1] possessing marijuana,[2] and possessing cocaine,[3] contending that the trial court erred by (1) denying his motion for a mistrial after a witness volunteered a prejudicial hearsay statement from a nontestifying informant, (2) admitting evidence of two prior similar transactions involving drug sales, (3) improperly instructing the jury on proof of possession, and (4) failing to merge the convictions for selling cocaine and possessing cocaine. For the reasons that follow, we affirm.

Construed in favor of the verdict,[4] the evidence shows that an undercover narcotics officer was accompanied in an unmarked vehicle by a confidential informant to make a controlled drug purchase. As the officer pulled into a convenience store parking lot, the informant spotted Robertson, who was sitting with two other people in a parked car, and recognized Robertson as a local drug dealer. The officer gave the informant, whom he had searched earlier, a $20 bill to attempt to buy a controlled substance from Robertson. As the officer watched, the informant approached Robertson and handed him the $20 bill, and Robertson retrieved a piece of crack cocaine from the center console area of his car and handed it to the informant. The informant returned to the undercover officer's vehicle and handed the crack cocaine to the officer, who secured it.

The officer and informant left the scene, and Robertson was soon arrested by other officers positioned nearby. The officers found a small bag of marijuana on Robertson's person and a small bag containing three pieces of crack cocaine in the center ashtray of the vehicle Robertson was driving.

Robertson was charged with the drug offenses, tried by a jury, and found guilty. After his motion for new trial was denied, Robertson filed this appeal.

1. Robertson's first enumeration focuses on the trial court's denial of a motion for a mistrial that he made immediately after the undercover officer spontaneously testified that the confidential informant "pointed out to me that he recognized the defendant as a local narcotics distributor." The trial court sustained Robertson's objection to the hearsay statement and instructed the jury to

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-30 (j) (1).

[3] OCGA § 16-13-30 (a).

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

disregard the improper testimony. Following a colloquy outside the jury, the trial court denied Robertson's motion for a mistrial but again instructed the jury to disregard the hearsay statement. Robertson renewed his motion, which was denied, and Robertson now challenges the denial of his motion for a mistrial.

"A trial court has broad discretion in deciding a motion for mistrial, and we will not disturb its ruling absent a manifest abuse of that discretion and a showing that a mistrial was essential to preserve the right to a fair trial."[5]

> A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.[6]

Here, the officer's hearsay statement that Robertson was a narcotics distributor was in response to the question "What happened in the Quick Serve parking lot?"; there is nothing in the record to suggest that the statement was intentionally elicited by the State. Other properly admitted evidence of similar transactions showed that Robertson had two prior convictions for selling crack cocaine to the same undercover agent involved in this case, essentially rendering the hearsay statement cumulative. Indeed, Robertson himself admitted to having sold cocaine before. Further, the trial court immediately issued a curative instruction to the jury and instructed the witness not to repeat hearsay statements. Under these circumstances, we discern no abuse of the trial court's discretion in denying Robertson's motion for a mistrial. "Unless it is apparent that a new trial is essential to the preservation of the right of a fair trial, this court will not interfere with the discretion of the trial court."[7]

2. Robertson next contends that the trial court erred by admitting evidence of two prior drug-related convictions as similar transactions. We disagree.

---

[5] *Kirton v. State*, 246 Ga. App. 670, 671 (1) (541 SE2d 673) (2000).

[6] (Punctuation omitted.) *Ivey v. State*, 284 Ga. App. 232, 234 (644 SE2d 169) (2007).

[7] (Punctuation omitted.) *Pope v. Witter*, 205 Ga. App. 101, 102 (2) (421 SE2d 725) (1992). See also *Scruggs v. State*, 273 Ga. 752, 754 (2) (545 SE2d 888) (2001) (affirming denial of a motion for a mistrial after improper introduction of bad character evidence and emphasizing that "[i]t is up to the trial court to decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions") (punctuation omitted).

To introduce similar transaction evidence, the State must show three things. First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.[8]

Here, the State sought to introduce the evidence of two prior street-level, hand-to-hand crack cocaine sales by Robertson for the purpose of showing identity, motive, intent, bent of mind, and course of conduct. The prior drug sales occurred in the same general neighborhood as the sale in this case, at approximately the same time of day. After a hearing in which the trial court heard argument about the similarity, probative value, purpose, and prejudicial effect of the prior convictions, the trial court allowed the evidence in for the purpose of showing bent of mind and course of conduct. The trial court instructed the jury as to those limited purposes at the time the evidence was admitted and in its charge to the jury at the close of the evidence.

On appeal, Robertson relies on OCGA § 24-9-84.1 (a) (2), which provides that

[e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted *if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.*[9]

In light of this standard, Robertson focuses on the trial court's order denying his motion for new trial, which stated that "[t]he Court finds, as it did at trial, that the probative value of those similar transactions outweighed their prejudicial effect." Robertson argues that the trial court failed to make appropriate findings and apply the

---

[8] (Citation and punctuation omitted.) *Kendrick v. State*, 269 Ga. App. 831, 833 (3) (605 SE2d 369) (2004).

[9] (Emphasis supplied.)

appropriate test of whether the probative value *substantially out-weighed* the prejudicial effect of admitting the similar transaction evidence.

However, OCGA § 24-9-84.1 (a) (2), by its own terms, applies to the admissibility of prior convictions for the purpose of *impeaching* a testifying defendant.[10] It does not apply when the prior conviction is admitted as a similar transaction for nonimpeachment purposes. Robertson's argument conflates the analyses for each purpose, which are treated differently in case law. For example, when a conviction is admitted for impeachment, it is impermissible to use the prior conviction to show a criminal propensity or as substantive evidence of the offense at issue.[11] Likewise, similar transactions are admissible not for impeachment but "for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct."[12] This Court noted the distinction in *Newsome v. State*,[13] explaining that

> similar transactions are admissible at trial whether or not the defendant testifies, while prior felonies are only admissible as impeachment pursuant to OCGA § 24-9-84.1 (a) (2). And perhaps the addition of a more rigorous standard for admissibility [for impeachment evidence under OCGA § 24-9-84.1 (a) (2)] — requiring the judge to find that the probative value of admitting the evidence *substantially* outweighs its prejudicial effect to the defendant — is intended to remedy the lack of the pretrial notice and hearing granted to defendants [for similar transaction evidence] by Uniform Superior Court Rule 31.3.[14]

At trial, Robertson denied having any knowledge of the cocaine found in his vehicle or about the sale of cocaine to the informant. Therefore, based on the similarity of the prior crimes with the offense at issue, including the similar hand-to-hand nature of the sale of the same drug, for the same price, at a similar time of day, in the same general area, we discern no abuse of the trial court's discretion in admitting the evidence of prior drug sales as similar

---

[10] See, e.g., *Pelowski v. State*, 306 Ga. App. 41, 42 (1) (701 SE2d 529) (2010) (making a distinction between impeachment and similar transaction purposes).

[11] See *Phillips v. State*, 285 Ga. 213, 220 (5) (b) (675 SE2d 1) (2009) (criminal propensity); *Tate v. State*, 289 Ga. App. 479, 481 (657 SE2d 531) (2008) (substantive evidence). We emphasize that criminal propensity itself is never a proper purpose for admitting prior bad acts of a defendant. See, e.g., *Farley v. State*, 265 Ga. 622, 630-631 (458 SE2d 643) (1995) (Sears, J., concurring specially).

[12] (Punctuation omitted.) *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982).

[13] 289 Ga. App. 590 (657 SE2d 540) (2008).

[14] (Emphasis in original.) Id. at 594 (2).

transactions for the purpose of showing Robertson's bent of mind and course of conduct.[15]

3. Robertson next contends that the trial court erred by improperly instructing the jury on the doctrines of equal access and joint possession of the drugs. However, the record shows that Robertson himself requested the charges on both doctrines and he did not object to them as given. Any error was therefore self-induced and presents no grounds for reversal on appeal.[16]

4. Robertson finally contends that the trial court erred by failing to merge the convictions for possession of cocaine and selling cocaine because the indictment failed to include sufficient detail to distinguish between the cocaine he sold (turned over by the informant) and the cocaine he possessed (found in the car he occupied). He relies on the "actual evidence" test articulated in *Dawson v. State*,[17] which holds that "[i]f the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." However, "[i]n *Drinkard v. Walker*,[18] [the Supreme Court of Georgia] disapproved the 'actual evidence' test and adopted the 'required evidence' test for determining when one offense is included in another under OCGA § 16-1-6 (1)."[19] The "required evidence" test provides that "*a single act* may constitute an offense which violates more than one statute, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."[20]

Nevertheless, the "required evidence" test addresses the culpability of "a single act" and does not apply unless the same conduct of the accused establishes the commission of multiple crimes.[21] Here, the offense of selling cocaine was proven by the evidence of the crack cocaine sale to the confidential informant, and the offense of possessing cocaine was proven by the evidence that Robertson possessed the additional crack cocaine later found in the car he occupied. Two discrete portions of cocaine were used to prove the two discrete

---

[15] See *Morrison v. State*, 300 Ga. App. 405, 408 (685 SE2d 413) (2009).

[16] See *Gresham v. State*, 239 Ga. App. 280, 281 (521 SE2d 207) (1999) (self-induced error in requesting a particular charge provides no basis for reversal); *Bailey v. State*, 203 Ga. App. 133, 138 (4) (416 SE2d 151) (1992) (same). Robertson does not pursue an ineffective assistance of counsel claim on appeal.

[17] 203 Ga. App. 146, 147 (2) (416 SE2d 125) (1992).

[18] 281 Ga. 211 (636 SE2d 530) (2006).

[19] (Punctuation omitted.) *Linson v. State*, 287 Ga. 881, 885 (4) (700 SE2d 394) (2010).

[20] (Punctuation omitted; emphasis supplied.) *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007).

[21] See id. at 4-5.

offenses. Accordingly, the two counts did not merge.[22]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

### DECIDED NOVEMBER 5, 2010.

*Jimmonique R. S. Rodgers*, for appellant.

*Lee Darragh, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.

---

[22] See *Rogers v. State*, 298 Ga. App. 895, 897 (2) (681 SE2d 693) (2009) (conviction for possession of methamphetamine with intent to distribute did not merge with conviction for sale of methamphetamine because different quantities were used to prove each offense); *Ransom v. State*, 298 Ga. App. 360, 361 (1) (680 SE2d 200) (2009) ("If the underlying facts show that one crime was completed prior to the second crime, there is no merger.") (punctuation omitted); *Metts v. State*, 297 Ga. App. 330, 336 (4) (677 SE2d 377) (2009) (because the offenses could be sustained by separate conduct, separate convictions were appropriate). Any argument that the indictment here lacked sufficient specificity is an attack on the form of the indictment, which must be challenged by a special demurrer filed prior to the not guilty plea. See id. at 335 (3).