**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0393. LOONEY v. THE STATE.                                    PE-013C

PETERSON, Judge.

Kahlem Kenord Looney, convicted of one count of terroristic threats, appeals from the denial of his motion for a new trial and argues the evidence was insufficient to sustain his conviction. We affirm because the trial evidence authorized the jury to conclude that Looney committed the charged offense.

> On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and [Looney] no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Ferrell v. State*, 283 Ga. App. 471, 472 (1) (641 SE2d 658) (2007) (footnotes omitted).

So viewed, the evidence shows that on September 17, 2014, Looney went into the leasing office of the Stratford Ridge Apartments. Looney wanted to retrieve his personal belongings from the apartment where he had been living with his brother, but neither he nor his brother were on the lease and the apartment had been boarded up due to eviction. Looney believed that some of his belongings, including an X-box gaming console, had been taken from the apartment by the maintenance crew. When Looney asked the leasing facilitator for the apartment complex about retrieving his property, the leasing facilitator informed Looney that he could not help because Looney was not the lease holder. Looney then angrily yelled at the leasing facilitator and threatened to kill him and the apartment staff if Looney's belongings were not returned within 24 hours. Looney also added that he and his family were "savages," and that he knew the office hours kept by the staff. Several witnesses overheard the confrontation, and testified at trial that they heard Looney threaten to kill the leasing facilitator and apartment staff. The leasing facilitator called the police, who arrested Looney. Following a jury trial, Looney was convicted of one count of terroristic threats.

Looney argues that the evidence was insufficient to sustain his conviction for making a terroristic threat because any threat that he made referenced only future conduct and was "at all times conditional" on his property not being returned within 24 hours.[1] But the law does not require a terroristic threat to be immediate and unconditional.

A person is guilty of making a terroristic threat when he "threatens to commit any crime of violence . . . with the purpose of terrorizing another[.]" OCGA § 16-11-37(a). "[A] defendant need not have the immediate ability to carry out the threat to violate OCGA § 16-11-37(a)." *Reeves v. State*, 288 Ga. App. 544, 545 (654 SE2d 449) (2007). A threat can be conditional and non-immediate and still qualify as a terroristic threat. *See, e.g.*, *Smith v. State*, 273 Ga. App. 843, 844 (616 SE2d 183) (2005) (upholding conviction for terroristic threat where defendant told victim he would kill her if she did not do a school project for him).

Given that, the evidence is easily sufficient to support Looney's conviction. The leasing facilitator testified that Looney threatened to kill him and the other

---

[1] Looney also argues on appeal that construing the statute as applicable to threats of both immediate and future violence in the future renders it ambiguous, and that his conviction must be reversed on that basis. But the very nature of threats is to promise future action. That some threats may promise action further in the future than others and still fall within the statute's scope does not render the statute ambiguous.

leasing office workers. Other witnesses present in the leasing office testified that they heard the threat. Moreover, the circumstances, including Looney's angry demeanor and the specific language of the threat, was sufficient to support the jury's determination that Looney threatened to kill the leasing facilitator with the intent to terrorize him. *See Martin v. State*, 303 Ga. App. 117, 119 (1) (692 SE2d 741) (2010). Accordingly, we affirm Looney's conviction.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*