**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 5, 2021**

# In the Court of Appeals of Georgia

A20A1791. BATCHELOR v. THE STATE.                    DO-062 C

DOYLE, Presiding Judge.

Following a jury trial, Billy Steve Batchelor was convicted of aggravated assault[1] and terroristic threats.[2] He appeals the denial of his motion for new trial, arguing that (1) the evidence was insufficient to support his conviction for terroristic threats, and (2) his terroristic threats conviction should have merged into his aggravated assault conviction. For the reasons that follow, we affirm.

> On appeal[,] the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-11-37 (b) (A). A nolle prosequi was entered on an additional charge of criminal attempt to commit murder after the jury was unable to reach a verdict on that count.

presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for [a new trial] is whether under the rule of *Jackson v. Virginia*,[3] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[4]

So viewed, the record shows that in March 2016, Stephen Martin met Batchelor at a hotel to discuss a work project. At some point, the men "had some discrepancies," and Martin left the hotel room because he realized he "wasn't getting anywhere with [Batchelor]." Martin walked through the hotel parking lot, and he heard Batchelor "hollering" at him.[5] Batchelor then stabbed Martin in the abdomen with a knife.

Batchelor was charged with criminal attempt to commit murder, aggravated assault, and terroristic threats. At trial, Glenda Early testified that she parked near the hotel and heard two men screaming at each other; one was on the balcony and the other was on the sidewalk. According to Early, the man on the balcony repeatedly told the other man "that he was going to stab him, that he was going to f'ing kill him."

---

[3] 443 U.S. 307 (61 LEd2d 560, 99 SCt 2781) (1979).

[4] (Citations and punctuation omitted.) *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[5] At trial, Martin could not recall what Batchelor yelled at him.

After the man on the sidewalk began walking away, the other man left the hotel, approached him, said, "I'm just going to stab you," and then appeared to hit him in the stomach. As Early approached the injured man, she realized he was bleeding profusely.

Early's daughter, Ashley Pollard, also testified, stating that she heard the two men arguing at the hotel. One man left and began walking towards the sidewalk, and Pollard heard the other man yelling, "I'm going to f'ing kill you," before approaching the man who was walking away and stabbing him in the stomach.

At the conclusion of the evidence, the jury was unable to reach a verdict as to the criminal attempt to commit murder charge, but Batchelor was convicted of aggravated assault and terroristic threats. The trial court denied his subsequent motion for new trial, and this appeal followed.

1. Batchelor contends that the evidence was insufficient to support his conviction for terroristic threats. We disagree.

Under OCGA § 16-11-37, "[a] person commits the offense of a terroristic threat when he or she threatens to . . . [c]ommit any crime of violence . . . [w]ith the purpose of terrorizing another[.]"[6] "The crime of making terroristic threats focuses solely on

_____

[6] OCGA § 16-11-37 (b) (1) (A) & (2) (a).

3

the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize."[7]

Here, Martin testified that after he argued with Batchelor, Martin left the hotel and proceeded through the parking lot, at which point Batchelor followed him, "hollered" at him, and stabbed him. Two additional witnesses testified that they heard the man remaining in the hotel yell and threaten to "f'ing kill" the man walking away through the parking lot before stabbing him. This evidence "was sufficient to support the jury's determination that [Batchelor] threatened to kill [Martin] with the intent to terrorize him."[8]

2. Batchelor also argues that his terroristic threats conviction should merge into his aggravated assault conviction. This enumeration is without merit.

Batchelor relies on the "actual evidence" test set forth in *Drinkard v. Walker*,[9]

---

[7] (Punctuation omitted.) *Steplight v. State*, 301 Ga. 272, 275 (1) (800 SE2d 548) (2017).

[8] *Looney v. State*, 336 Ga. App. 882, 883 (785 SE2d 432) (2016). See *Martin v. State*, 303 Ga. App. 117, 119 (1) (692 SE2d 741) (2010).

[9] 281 Ga. 211 (636 SE2d 530) (2006).

which provides that "a single act may constitute an offense which violates more than one statute, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."[10] But " the 'required evidence' test addresses the culpability of 'a single act' and does not apply unless the same conduct of the accused establishes the commission of multiple crimes."[11] Here, the offense of terroristic threats was proven by the evidence that Batchelor threatened to kill Martin, and the offense of aggravated assault was proven by the evidence that Batchelor assaulted Martin with a knife by stabbing him. "Accordingly, the two counts did not merge."[12]

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

[10] (Punctuation omitted; emphasis supplied.) *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007).

[11] *Robertson v. State*, 306 Ga. App. 721, 725 (703 S.E.2d 343) (2010).

[12] Id.